STATE OF MONTANA,
    Plaintiff,                              NO. DC 80-021
    vs.                                     DECISION
Jerry Paul Forsyth,
    Defendant.

On June 6, 1986, the defendant was found guilty of the offenses of Deliberate Homicide, a felony in violation of 45-5-102(1)(a), M.C.A. The defendant is hereby sentenced to one hundred (100) years in the Montana State Prison for the crime of Deliberate Homicide. For his use of a dangerous weapon in connection with this offense, the defendant is sentenced to an additional ten-year term of imprisonment in the Montana State Prison, said term to run consecutively to the other sentence hereby imposed upon him, pursuant to 46-18-221, M.C.A. The defendant is found and determined to be a "dangerous offender" for purposes of his eventual parole eligibility, pursuant to 46-18-404, M.C.A. The defendant is granted credit for time spent in presentence incarceration while awaiting the disposition of this matter.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Attorney Ann German. The state was represented by Ted Lympus, Prosecuting Attorney and Tom Esch, Flathead County Attorney.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, there is a split decision of the Sentence Review Division. The Honorable Richard Phillips and the Honorable Jeff Langton vote that the sentence be affirmed.

**Member, Hon. Richard Phillips and Member,**
**Hon. Jeff Langton.**

The Honorable Wm. Nels Swandal would amend the sentence whereas the defendant have a parole restriction and that the defendant not be eligible for parole for 30 years. The reasons Judge Swandal would amend the sentence are because of the nature of the crime and the length of time the defendant took to plan and execute the offense. Judge Swandal believes the defendant is a danger to society and there should have been a restriction of 30 years originally.

Done in open Court this 19th day of February, 1998.

DATED this 25th day of February, 1998.

**Chairman, Hon. Wm. Nels Swandal**

The Sentence Review Board wishes to thank Attorney Ann German for representing Jerry P. Forsyth in this matter and Ted Lympus, Prosecuting Attorney, and Tom Esch, Flathead County Attorney, for representing the State.